■ BERNABE ROSARIO, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [735 NYS2d 50] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered October 11, 2000, which, to the extent appealed from, denied defendant New York City Housing Authority's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

In this personal injury action, arising from a trip and fall on a public sidewalk abutting premises owned by defendant Hous-

ing Authority, sufficient evidence was presented to raise a triable issue of fact as to whether the Housing Authority made special use of the driveway portion of the sidewalk where plaintiff fell. The Housing Authority's own witness testified that Housing Authority vehicles, and only Housing Authority vehicles, regularly drove up onto the sidewalk portion of the driveway to gain access to the property. This testimony also raised a triable issue as to whether the described use of the sidewalk by Housing Authority vehicles caused the sidewalk defect alleged to have caused plaintiff's harm (*see, Peretich v City of New York*, 263 AD2d 410).

In addition, plaintiff's testimony that the defect in the sidewalk that caused him to trip was a hole, three to five inches wide and three to five inches deep, together with the photographs of the accident site, establish that the defect was not so trivial as to be non-actionable as a matter of law (*see, Trincere v County of Suffolk*, 90 NY2d 976).

We have considered the Housing Authority's remaining contentions and find them unavailing. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.