■ Maria Dos Santos, Appellant, v Celeste Peixoto, Respondent. [742 NYS2d 66] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Zambelli, J.), entered July 2, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff was injured when she tripped and fell on broken pavement in the sidewalk/driveway area in front of the residence owned by the defendant. The Supreme Court granted the defendant's motion for summary judgment. We reverse.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the

municipality and not the abutting landowner" (*Hausser v Giunta,* 88 NY2d 449, 452-453). However, an abutting land-owner will be held liable where the landowner "created the defective condition or caused the defect to occur because of some special use" (*Winberry v City of New York,* 257 AD2d 618, 619). There are triable questions of fact on the issue of whether the defect was caused by the defendant's special use of the sidewalk as a driveway and/or whether the driveway contrib-uted to the allegedly defective condition (*see Rosario v City of New York,* 289 AD2d 133; *Cela v Goodyear Tire & Rubber Co.,* 286 AD2d 640, 641; *cf., Benenati v City of New York,* 282 AD2d 418, 419; *McGee v City of New York,* 252 AD2d 483, 484). Ac-cordingly, the Supreme Court improperly granted the defen-dant's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557). Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.