MICHAEL VYADRO, Appellant-Respondent, v CITY OF NEW YORK et al., Defendants, and A-CLUB DRIVING SCHOOL, INC., et al., Respondents-Appellants. [767 NYS2d 871]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 16, 2002, as granted that branch of the motion of the defendant A-Club Driving School, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of his cross motion which was

for summary judgment against the defendant A-Club Driving School, Inc., (2) the defendant A-Club Driving School, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cross claim of the defendant Steve Serafis for contractual indemnification and granted that branch of the cross motion of the defendant Steve Serafis which was for summary judgment against it on the cross claim for contractual indemnification, and (3) the defendant Steve Serafis separately cross-appeals from so much of the same order as granted that branch of the motion of the defendant A-Club Driving School, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the cross appeal of the defendant Steve Serafis is dismissed as that defendant is not aggrieved by the portion of the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendant A-Club Driving School, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof granting that branch of the cross motion of the defendant Steve Serafis which was for summary judgment against the defendant A-Club Driving School, Inc., on the cross claim for contractual indemnification and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from by the defendant A-Club Driving School, Inc.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant A-Club Driving School, Inc., and one bill of costs is awarded to the defendant A-Club Driving School, Inc., payable by the defendant Steve Serafis.

The Supreme Court erred in granting that branch of the motion of the defendant A-Club Driving School, Inc. (hereinafter the School), which was for summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted by the School in support of its motion demonstrated that triable issues of fact exist with respect to whether the allegedly defective condition was caused by the School's special use of the sidewalk as a driveway or whether the driveway contributed to the allegedly defective condition (*see Dos Santos v Peixoto,* 293 AD2d 566 [2002]; *Rosario v City of New York,* 289 AD2d 133 [2001]). Therefore, the School did not meet its burden of

establishing its entitlement to summary judgment as a matter of law (*see Breger v City of New York,* 297 AD2d 770 [2002]; *Randazzo v 580 Sunrise Realty Co.,* 275 AD2d 449 [2000]).

The Supreme Court also erred in granting that branch of the cross motion of the defendant Steve Serafis which was for summary judgment against the School on his cross claim for contractual indemnification. Given the existence of multiple issues of fact concerning the liability of the School and Serafis, the resolution of the School's duty to defend and indemnify Serafis, which, in this case, are inextricably woven, should await the determination of liability, if any, in the underlying personal injury action (*see Brasch v Yonkers Constr. Co.,* 306 AD2d 508 [2003]; *Bermudez v New York City Hous. Auth.,* 199 AD2d 356 [1993]; *Cannavale v County of Westchester,* 158 AD2d 645 [1990]; *see also Lerer v City of New York,* 301 AD2d 577 [2003]).

The parties' remaining contentions are without merit. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.