■ TIMOTHY KEATING, Plaintiff, v NANUET BOARD OF EDUCATION et al., Defendants, and SIEMENS BUILDING TECHNOLOGIES, INC., Defendant and Third-Party Plaintiff-Respondent. ENVIRONMENTAL CLIMATE CONTROL, INC., Third-Party Defendant-Appellant. [835 NYS2d 705]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), entered October 8, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint and granted those branches of the motion of the defendant third-party plaintiff which were for summary judgment on the third-party causes of action for contractual indemnification and for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the defendant third-party plaintiff. Presiding Justice Prudenti has been substituted for former Justice Luciano (see 22 NYCRR 670.1 [c]).

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the defendant third-party plaintiff is dismissed, as the third-party defendant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant third-party plaintiff which was for summary judgment on the third-party causes of action for contractual indemnification and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The plaintiff was injured when he fell through a skylight of the roof of Nanuet High School, where he was working as an employee of the third-party defendant, Environmental Climate Control, Inc. (hereinafter ECC), a subcontractor for the defendant third-party plaintiff, Siemens Building Technologies, Inc. (hereinafter Siemens), the general contractor. The plaintiff sued Siemens, among others, alleging common-law negligence and violations of, inter alia, Labor Law §§ 200 and 241 (6), and

Siemens impleaded ECC. Siemens moved, inter alia, for summary judgment dismissing those causes of action insofar as asserted against it and for summary judgment on the third-party causes of action for contractual indemnification. ECC crossmoved, inter alia, for summary judgment dismissing the third-party complaint. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the plaintiff's causes of action enumerated above as well as that branch of the motion which was for summary judgment on the third-party causes of action for contractual indemnification, and denied that branch of the cross motion which was for summary judgment dismissing the third-party complaint. ECC appeals.

We dismiss the appeal from so much of the order as granted summary judgment dismissing the enumerated causes of action of the plaintiff insofar as asserted against Siemens. We note that the plaintiff has not appealed, and ECC, having not opposed the dismissal of these causes of action, is not aggrieved by this portion of the order (*see* CPLR 5511). This, however, does not prevent ECC from arguing, as it does, that Siemens was negligent, which would defeat Siemens's contractual indemnification claim.

ECC agreed in its subcontract to indemnify Siemens from all claims and damages except those caused by the "sole negligence" of Siemens. In its third-party answer to Siemens's impleader complaint, ECC pleaded the unenforceability of this indemnification provision pursuant to General Obligations Law § 5-322.1. The Supreme Court, having found, as a matter of law, that Siemens was free of negligence in connection with the plaintiff's accident, held that General Obligations Law § 5-322.1 would not impede contractual indemnification (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Lazzaro v MJM Indus.*, 288 AD2d 440, 441 [2001]; *cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5 [1997]). The Supreme Court erred, however, in finding as a matter of law that Siemens was free of negligence.

The plaintiff's injuries allegedly were occasioned by slippery rocks and unprotected skylights on the roof. Where, as alleged here, a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition (*see Kerins v Vassar Coll.*, 15 AD3d 623, 625 [2005]; *Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2

AD3d 1345, 1349 [2003]; *cf. Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006]; *Blysma v County of Saratoga*, 296 AD2d 637, 639 [2002]). Siemens, the general contractor, failed to establish, prima facie, that it lacked control over the work site or notice of the allegedly dangerous condition, thus precluding a finding, as a matter of law, that it was not negligent. Consequently, it was not entitled to summary judgment on its causes of action for contractual indemnification (*cf. Castilla v K.A.B. Realty, Inc.*, 37 AD3d 510, 512 [2007]). Because Siemens's negligence, if any, cannot be determined as a matter of law, that branch of ECC's cross motion which was for summary judgment dismissing the contractual indemnification causes of action alleged in the third-party complaint was properly denied (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., supra* at 795).

The Supreme Court erred, however, in denying that branch of ECC's cross motion which was for summary judgment dismissing the common-law indemnification and contribution causes of action alleged in the third-party complaint. ECC established its prima facie entitlement to judgment as a matter of law dismissing those causes of action by establishing that the plaintiff's alleged injury was not a "grave injury" as defined in Workers' Compensation Law § 11. In opposition, Siemens failed to raise a triable issue of fact by demonstrating that the plaintiff sustained a "grave injury." In the absence of a "grave injury," the causes of action seeking common-law indemnification and contribution should have been dismissed (*see* Workers' Compensation Law § 11; *Storms v Dominican Coll. of Blauvelt*, 308 AD2d 575, 576-577 [2003]; *Schuler v Kings Plaza Shopping Ctr. & Mar.*, 294 AD2d 556, 559 [2002]).

ECC's remaining contentions do not warrant reversal. Prudenti, P.J., Crane, Goldstein and Dillon, JJ., concur.