■ BERT McLEOD et al., Respondents, v CORPORATION OF PRESIDING BISHOP OF CHURCH OF JESUS CHRIST OF LATTER DAY

Saints, Defendant, and East Coast Construction Group, Inc., Appellant. [839 NYS2d 164]—

In an action to recover damages for personal injuries, etc., the defendant East Coast Construction Group, Inc., appeals from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated September 20, 2006, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant East Coast Construction Group, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it are granted.

The plaintiff Bert McLeod (hereinafter the plaintiff) was employed by a nonparty subcontractor at a construction site where the defendant East Coast Construction Group, Inc. (hereinafter the defendant), was the general contractor. Acting on his employer's instructions, the plaintiff used a wood beam to support the jib of a crane while disassembling the crane, and was injured when the beam struck him. The plaintiff and his wife commenced this action against the defendant and the owner of the site, seeking damages, inter alia, for the plaintiff's injuries based upon alleged violations of the Labor Law and common-law negligence. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it, but denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. We reverse.

The accident here stems not "from a dangerous condition on the premises" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]) but "from the manner in which the work was being

performed" (*id.*). To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a general contractor must have actually exercised supervision and control over the work performed at the site (*see Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Guerra v Port Auth. of N.Y. & N. J.,* 35 AD3d 810, 811 [2006]; *Parisi v Loewen Dev. of Wappinger Falls,* 5 AD3d 648 [2004]). General supervisory authority for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability (*see Dos Santos v STV Engrs., Inc.,* 8 AD3d 223, 224 [2004]). In order to impose liability upon it, a general contractor must have had the authority to control the activity bringing about the injury so as to enable it to avoid or correct an unsafe condition (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311, 316-317 [1981]; *Dos Santos v STV Engrs., supra* at 224-225).

In contrast, "[w]here . . . a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ., supra* at 708).

The defendant established its prima facie entitlement to summary judgment with evidence that it did not have authority to supervise or control the plaintiff's dismantling of the crane. In opposition, the plaintiffs failed to raise a triable issue of fact by submitting evidence of the defendant's supervisory control over the activity giving rise to the injury. Contrary to the plaintiffs' contention, the defendant's liability did not arise from the defendant's general duties to oversee work and to ensure compliance with safety regulations (*see Warnitz v Liro Group,* 254 AD2d 411 [1998]), nor from the defendant's authority to stop work for observed safety violations (*see Peay v New York City School Constr. Auth.,* 35 AD3d 566, 567 [2006]).

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.