■ JIMMY C. LANE et al., Appellants, v FRATELLO CONSTRUCTION COMPANY et al., Respondents. (And a Third-Party Action.) [860 NYS2d 177]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated July 5, 2007, as granted those branches of the defendants' motion which were for summary judgment dismissing their Labor Law § 241 (6) cause of action, and their Labor Law § 200 causes of action insofar as asserted against the defendant Fratello Construction Company.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' Labor Law § 241 (6) cause of action and their Labor Law § 200 causes of action insofar as asserted against the defendant Fratello Construction Company are denied.

The plaintiff Jimmy C. Lane (hereinafter the plaintiff) was employed by Forno Enterprises, Inc., as a glazier, and was working at a construction site owned by the defendant County of Putnam (hereinafter the County) where the defendant Fratello Construction Company (hereinafter Fratello) served as the general or prime contractor. He allegedly was injured when, while walking on the outside of the building to assist in the installation of a window, he tripped and fell over a brick in a pile of debris.

The Supreme Court erred in granting that branch of the defendants' motion which was to dismiss the plaintiffs' Labor Law § 241 (6) causes of action against all of the defendants premised on an alleged violation of 12 NYCRR 23-1.7 (e) (2).

Contrary to the defendants' contentions, that regulation is a sufficient predicate for liability under Labor Law § 241 (6) (*see Jicheng Liu v Sanford Tower Condominium, Inc.*, 35 AD3d 378 [2006]). It provides, in pertinent part: "Working areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e]). The defendants failed to demonstrate that the area where the plaintiff was injured did not constitute a work area within the meaning of this provision (*see Owen v Schulmann Constr. Corp.*, 26 AD3d 362, 363 [2006]; *Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]). Therefore, they failed to establish their entitlement to judgment as a matter of law with respect to the plaintiffs' cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2).

The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 insofar as asserted against Fratello. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]). "Where . . . a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Here, the alleged defect, a pile of debris created by several subcontractors, would constitute a defective condition of the premises. Fratello failed to establish, prima facie, that it lacked control over the condition of the work site (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d at 709; *Kerins v Vassar Coll.*, 15 AD3d 623, 625 [2005]), and further failed to establish, prima facie, that it lacked actual or constructive notice of the alleged defect (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d at 709; *see also Mikhaylo v Chechelnitskiy*, 45 AD3d 821 [2007]). Rivera, J.P., Spolzino, Dickerson and Eng, JJ., concur.