■ Arthur Van Salisbury, Sr., et al., Respondents, v Elliott-Lewis, Appellant, et al., Defendants. [867 NYS2d 454]—

In an action to recover damages for personal injuries, etc., the defendant Elliott-Lewis appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated April 10, 2007, as denied the branch of its cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 2, 2003 the plaintiff Arthur Van Salisbury, Sr.

(hereinafter the plaintiff), an operating engineer for Macy's East, Inc. (hereinafter Macy's), allegedly was injured when he tripped and fell on a pile of electrical cables blocking access to a supply shelf in the basement of Macy's Department Store at the Roosevelt Field Mall in Garden City. The electrical cables had been used during repair work performed for Macy's by, among others, Elliott-Lewis, the general contractor for the repair project. The plaintiff and his wife commenced the instant action against Elliot-Lewis, among others, to recover damages based upon violations of Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. The Supreme Court denied that branch of Elliot-Lewis's cross motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. We affirm the order insofar as appealed from.

"Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work" (*Lane v Fratello Constr. Co.,* 52 AD3d 575, 576 [2008]; *see Nasuro v PI Assoc., LLC,* 49 AD3d 829, 831 [2008]). "Where a . . . plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.,* 40 AD3d 706, 708 [2007]; *see Azad v 270 5th Realty Corp.,* 46 AD3d 728, 730-731 [2007]).

Here, the alleged injuries sustained by the plaintiff stem from the placement of a pile of cables, an allegedly dangerous condition on the premises. Elliot-Lewis failed to establish, prima facie, that it lacked control over the condition of the work site (*see Lane v Fratello Constr. Co.,* 52 AD3d at 576; *Keating v Nanuet Bd. of Educ.,* 40 AD3d at 709), and further failed to establish, prima facie, that it neither created nor had actual or constructive notice of the alleged dangerous condition (*cf. Ragone v Spring Scaffolding, Inc.,* 46 AD3d 652, 655 [2007]; *Mikhaylo v Chechelnitskiy,* 45 AD3d 821, 822 [2007]; *Hageman v Home Depot U.S.A., Inc.,* 45 AD3d 730, 732 [2007]). Since Elliot-Lewis failed to meet its prima facie burden, the sufficiency of the plaintiffs'opposition papers need not be addressed (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Elliot-Lewis's contention that it is entitled to judgment as a matter of law since the pile of cables was open and obvious and not inherently dangerous as a matter of law is not properly

before this Court, as it was raised for the first time on appeal. In any event, this contention merely presents an issue of fact concerning the possible comparative fault of the plaintiff (*see Holly v 7-Eleven, Inc.,* 40 AD3d 1033 [2007]; *Sportiello v City of New York,* 6 AD3d 421, 422 [2004]; *Tulovic v Chase Manhattan Bank,* 309 AD2d 923, 924 [2003]). Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.