■ PATRICK J. HIRSCH, Plaintiff, v BLAKE HOUSING, LLC, et al., Defendants, and EMPIRE DEVELOPERS CORP., Defendant and Third-Party Plaintiff-Appellant. ABSOLUTE ELECTRICAL CONTRACTING, INC., et al., Third-Party Defendants and BASS PLUMBING & HEATING CORP., Third-Party Defendant-Respondent. [884 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff Empire Developers Corp. appeals from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated July 24, 2008, as, in effect, denied that branch of its motion which was for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against the third-party defendant Bass Plumbing & Heating Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of the third-party defendant Bass Plumbing & Heating Corp. (hereinafter Bass), was injured while

working at a construction site. Bass was a subcontractor of the defendant third-party plaintiff Empire Developers Corp. (hereinafter Empire), the general contractor. The contract between Empire and Bass required Bass to indemnify Empire "from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of [Bass]'s Work under this [contract] . . . but only to the extent caused by the negligent acts or omissions of [Bass]." Empire moved, inter alia, for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against Bass. The Supreme Court, in effect, denied that branch of Empire's motion.

"[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.,* 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1). "Where, as . . . here, a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.,* 40 AD3d 706, 708-709 [2007]; *see Lane v Fratello Constr. Co.,* 52 AD3d 575, 576 [2008]; *Nasuro v PI Assoc., LLC,* 49 AD3d 829, 830 [2008]).

Empire failed to establish, prima facie, that it lacked control over the work site or notice of the allegedly dangerous condition, thus precluding a finding, as a matter of law, that it was not negligent (*see Keating v Nanuet Bd. of Educ.,* 40 AD3d at 708). Moreover, Empire was required to establish that Bass was negligent as a matter of law in order to demonstrate its entitlement to summary judgment (*see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership,* 304 AD2d 738 [2003]), an issue which cannot be determined on this record (*see id.; Vyadro v City of New York,* 2 AD3d 519, 521 [2003]). Since the alleged negligence of Empire and Bass, if any, cannot be determined as a matter of law, that branch of Empire's motion which was for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against Bass was properly, in effect, denied (*see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership,* 304 AD2d at 739; *Vyadro v City of New York,* 2 AD3d at 521; *Keating v Nanuet Bd. of Educ.,* 40 AD3d at 708).

Empire's remaining contentions are without merit. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.