■ BARBARA BRIDGES, Respondent, v WYANDANCH COMMUNITY DEVELOPMENT CORPORATION et al., Appellants. (Action No. 1.) LULA JOHNSON, Respondent, v WYANDANCH COMMUNITY DEVELOPMENT CORPORATION et al., Appellants. (Action No. 2.) [888 NYS2d 142]—

In two related actions to recover damages for wrongful death and personal injuries, etc., the defendants Wyandanch Community Development Corporation and Janice W. Mosley, as administrator of the estate of James Wallace, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 6, 2008, as denied those branches of their motions which were for summary judgment dismissing the complaints insofar as asserted against them in both actions, and the defendant PDL, Inc., separately appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motions which were for summary judgment dismissing the complaints insofar as asserted against it in both actions.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs payable by the appellants appearing separately and filing separate briefs.

As the owner of real property located at 88 Nicholls Street in Wyandanch (hereinafter the premises), the defendant Wyandanch Community Development Corporation (hereinafter WCDC) contracted with the defendant PDL, Inc. (hereinafter PDL), to have PDL perform certain renovations to a house located on the premises (hereinafter the house). Prior to beginning the renovations, James Wallace, the director of WCDC, turned off the supply of electrical power to the house and instructed PDL to secure plywood boards over the basement and first floor windows in order to deter theft. Thereafter, PDL subcontracted with Oliver Bridges (hereinafter Bridges), the decedent of the plaintiff Barbara Bridges, to paint the interior of the house. Bridges, in turn, hired Latonya Johnson (hereinafter Johnson), the decedent of the plaintiff Lula Johnson, as an assistant. In order to illuminate the first floor of the house so that painting could be completed, PDL installed a gasoline-powered generator in the basement of the house and connected it to the electrical circuit breaker in the house. Wallace was aware that the generator was being used to supply electricity to the house. On August 7, 2003, several days after Bridges and Johnson began painting, they were discovered dead in the house, with the doors locked and the windows covered with plywood. The cause of death was determined to be asphyxiation caused by carbon monoxide poisoning.

In two separate actions, the plaintiff Barbara Bridges and the plaintiff Lula Johnson asserted causes of action to recover damages for wrongful death and the conscious pain and suffering of their respective decedents. After the Supreme Court directed

the actions to be jointly tried, WCDC and Wallace moved, inter alia, for summary judgment dismissing both complaints insofar as asserted against them, and PDL cross-moved, among other things, for summary judgment dismissing both complaints insofar as asserted against it. In the order appealed from, the Supreme Court denied the motion and cross motion for summary judgment. We affirm the order insofar as appealed from.

Where, as here, the plaintiffs' injuries arose not from the manner in which the work was being performed but, rather, from an allegedly dangerous condition on the property, a property owner will be liable under a theory of common-law negligence, as codified by Labor Law § 200, "when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (*Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]; *see Piazza v Frank L. Ciminelli Constr. Co., Inc.*, 2 AD3d 1345, 1349 [2003]). As the owner of the premises, WCDC failed to demonstrate that, as a matter of law, it did not have actual or constructive notice of the dangerous condition on the premises and, thus, it failed to establish its prima facie entitlement to judgment as a matter of law (*see Algood v 2160-2164 Caton*, 4 AD3d 442 [2004]; *cf. Markey v C.F.M.M. Owners Corp.*, 51 AD3d 734, 736-737 [2008]; *Clarke v Brooklyn Union Gas Co.*, 297 AD2d 779 [2002]; *Perez v City of New York*, 168 AD2d 227 [1990]). Additionally, Wallace's administratrix failed to demonstrate that, as a matter of law, Wallace, as a director of WCDC, did not personally participate in the allegedly negligent act which created the dangerous condition and caused the death of the decedents (*see Aguirre v Paul*, 54 AD3d 302, 304 [2008]; *Greenway Plaza Off. Park-1 v Metro Constr. Servs.*, 4 AD3d 328, 329 [2004]; *Bellinzoni v Seland*, 128 AD2d 580 [1987]; *Clark v Pine Hill Homes*, 112 AD2d 755 [1985]).

Similarly, PDL, as the general contractor, may be held liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]). Here, PDL, which installed the generator in the basement of the boarded-up house, failed to demonstrate that, as a matter of law, it did not have control over the work site or notice of the dangerous condition on the premises.

Accordingly, the Supreme Court properly denied the motions and cross motions for summary judgment. Dillon, J.P., Florio, Belen and Roman, JJ., concur.