KEVIN J. TARPEY et al., Plaintiffs, v KOLANU PARTNERS, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. METAL SALES CO., INC., Third-Party Defendant-Respondent. [892 NYS2d 447]—

The facts and procedural history of this case are set forth in the companion appeal (*see Tarpey v Kolanu Partners, LLC*, 68 AD3d 1099 [2009] [decided herewith]).

The Supreme Court properly denied that branch of the motion of the defendants third-party plaintiffs Kolanu Partners, LLC (hereinafter Kolanu), and RC Dolner, Inc. (hereinafter RC Dolner), which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by RC Dolner against the third-party defendant Metal Sales Co., Inc. (hereinafter Metal Sales), a sub-subcontractor on the project. RC Dolner, the general contractor on a project to construct residential condominiums, failed to establish, prima facie, that it lacked control over the work site or notice of the allegedly dangerous condition, thus precluding a finding, as a matter of law, that it was not negligent (*see Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]).

However, because there has been no finding that RC Dolner was actually negligent, and RC Dolner's negligence, if any, cannot be determined as a matter of law, the Supreme Court erred in granting that branch of Metal Sales' cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against it (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708).

In addition, Kolanu, the owner of the premises, was found to be free from negligence by the Supreme Court, and the plaintiffs

have not appealed from that finding. There is no evidence in the record that Kolanu had control over the work site or notice of the allegedly dangerous condition. Therefore, contrary to Metal Sales' contention, since Kolanu is free from negligence, enforcement of the indemnity agreement as to Kolanu would not run afoul of General Obligations Law § 5-322.1 (1), because it would not require Metal Sales to indemnify Kolanu for injuries arising out of Kolanu's own negligence (*see* General Obligations Law § 5-322.1 [1]; *Ostuni v Town of Inlet*, 64 AD3d 854 [2009]; *cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 795). Consequently, that branch of the motion of Kolanu and RC Dolner which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by Kolanu against Metal Sales should have been granted. Dillon, J.P., Santucci, Florio and Hall, JJ., concur.