KEVIN J. TARPEY et al., Plaintiffs, v KOLANU PARTNERS, LLC, et al., Defendants and Third-Party Plaintiffs, and S&C PRODUCTS CORP., Appellant, et al., Defendants. METAL SALES Co., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [892 NYS2d 445]—

The injured plaintiff, an employee of the third-party defendant Metal Sales Co., Inc. (hereinafter Metal Sales), was injured

when he fell over a waste pipe while working at a construction site. The defendant third-party defendant, S&C Products Corp. (hereinafter S&C), entered into a subcontract with the defendant third-party plaintiff RC Dolner, Inc. (hereinafter RC Dolner), the general contractor on a project to construct residential condominiums, for the installation of aluminum windows at the construction site. Metal Sales was subcontracted by S&C to perform the labor with regard to the window installation. Metal Sales and S&C also entered into a hold harmless/indemnity agreement, which required Metal Sales to indemnify S&C, the owner, and the prime contractor, for "any and all damage . . . where such damage or injury is caused by, results from, arises out of, or occurs in connection with the execution of the Work." The plaintiffs sued RC Dolner and S&C, among others, alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6). The plaintiffs alleged that the injured plaintiff's fall was caused by the presence of the waste pipe at the work site, which was left there by one of the subcontractors, and by inadequate lighting. RC Dolner, inter alia, commenced a third-party action against S&C and Metal Sales. S&C, inter alia, asserted a cross claim for contractual indemnification against Metal Sales, among others. Subsequently, S&C moved, inter alia, for summary judgment on its cross claim for contractual indemnification insofar as asserted against Metal Sales, and Metal Sales cross-moved, inter alia, for summary judgment dismissing S&C's cross claim insofar as asserted against it. The Supreme Court, inter alia, denied that branch of S&C's motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against Metal Sales, and granted that branch of Metal Sales' cross motion which was for summary judgment dismissing S&C's cross claim for contractual indemnification insofar as asserted against it. We modify.

"[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1; *Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]). Since the plaintiffs allege that the injured plaintiff's fall was caused by the presence of a waste pipe at the work site and inadequate lighting, the injured plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises (*see Hirsch v Blake Hous., LLC*, 65 AD3d at 571; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-

709 [2007]). Therefore, in order for S&C to satisfy its prima facie burden of demonstrating that it was not negligent, it was required to demonstrate that it lacked control over the work site or notice of the allegedly dangerous condition (*see Hirsch v Blake Hous., LLC*, 65 AD3d at 571; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708-709). S&C failed to meet this burden, thus precluding a finding, as a matter of law, that it was not negligent (*see Hirsch v Blake Hous., LLC*, 65 AD3d at 571; *Lane v Fratello Constr. Co.*, 52 AD3d at 576; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708-709). Consequently, that branch of S&C's motion which was for summary judgment on its cross claim for contractual indemnification insofar as asserted against Metal Sales was properly denied.

However, because S&C's negligence, if any, cannot be determined as a matter of law, and there has been no finding that S&C was actually negligent, the Supreme Court erred in granting that branch of Metal Sales' cross motion which was for summary judgment dismissing S&C's cross claim for contractual indemnification insofar as asserted against it (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 [1997]; *Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d at 708). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.