VINCENT MUGAVERO et al., Respondents, v WINDOWS BY HART, INC., Respondent-Appellant, JASON C. LEONARD, INC., Appellant-Respondent, and BECKER CONTRACTING, LIMITED, et al., Respondents. [894 NYS2d 448]—

The plaintiffs voluntarily withdrew so much of the complaint as alleged a violation of Labor Law § 200 against the defendant Jason C. Leonard, Inc. (hereinafter Leonard), in their opposition to Leonard's motion for summary judgment. Accordingly, that branch of Leonard's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 200 against it should have been denied as academic.

Furthermore, the court should have granted that branch of Leonard's motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence, as Leonard established, prima facie, that it did not have control of the subject work site or have actual or constructive notice of any allegedly dangerous condition thereon (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938 [2009]; *Hirsch v Blake Hous., LLC*, 65 AD3d 570 [2009]).

The court properly denied that branch of Leonard's motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6) insofar as asserted against it. Leonard failed to establish its prima facie entitlement to judgment as a matter of law. As general contractor, Leonard had a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in construction work, and to comply with the specific safety rules and regulations set forth in the Industrial Code (*see Galarraga v City of New York*, 54 AD3d 308 [2008]; *Romero v J & S Simcha, Inc.*, 39 AD3d 838 [2007]). Contractors and owners are liable under the statute whether or not they supervise or control the work (*see Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]; *Forschner v Jucca Co.*, 63 AD3d 996 [2009]).

Furthermore, Leonard's contention that the plaintiff cited no specific and applicable provisions of the Industrial Code is without merit. In order to establish liability under Labor Law § 241 (6), a plaintiff is required to establish a breach of a rule or regulation of the Industrial Code which gives a specific, positive command, and is applicable to the facts of the case (*see Forschner v Jucca Co.*, 63 AD3d at 996; *Rau v Bagels N Brunch, Inc.*, 57 AD3d 866 [2008]; *Venezia v State of New York*, 57 AD3d 522 [2008]). The plaintiffs allege violations of the following specific provisions of the Industrial Code: 12 NYCRR 23-1.7 (e) (1), (2) and (f) and 23-5.3 (g). Industrial Code (12 NYCRR) § 23-1.7 (e) (1), (2) and (f) have been found by this Court to be specific enough to support a claimed violation of Labor Law § 241 (6) (*see McDonagh v Victoria's Secret, Inc.*, 9 AD3d 395 [2004]; *O'Hare v City of New York*, 280 AD2d 458 [2001]). Those provisions are applicable to the facts of this case. Leonard failed to establish that it complied with these provisions. Industrial Code § 23-5.3 (g) also sets forth specific, and not general, safety standards, and is sufficient to maintain a claim alleging a violation of Labor Law § 241 (6). Leonard failed to establish that the footings of the scaffold were in compliance with Industrial Code § 23-5.3 (g). Leonard also failed to establish that the injured plaintiff's conduct was the sole proximate cause of his accident.

The court properly denied that branch of Leonard's motion which was for summary judgment on its cross claim for common-law indemnification (*see Nasuro v PI Assoc., LLC*, 49 AD3d 829 [2008]).

The court properly denied that branch of the cross motion of the defendant Windows By Hart, Inc. (hereinafter Hart), which was for summary judgment dismissing so much of the complaint insofar as alleged common-law negligence and a violation of Labor Law § 200 against it. Hart failed to establish that it did not have control of the work site, or that it did not have actual or constructive notice of the dangerous condition (*see Gallello v MARJ Distribs., Inc.*, 50 AD3d 734 [2008]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]).

The court also properly denied that branch of Hart's cross motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 241 (6). Hart failed to establish that it was not a contractor (*see Williams v Dover Home Improvement*, 276 AD2d 626 [2000]), or an agent of the general contractor or the homeowner (*see Domino v Professional Consulting, Inc.*, 57 AD3d 713 [2008]; *Everitt v Nozkowski*, 285 AD2d 442 [2001]). Furthermore, Hart's contention that the plaintiffs failed to allege violations of specific applicable provisions of the Industrial Code is without merit. Hart also failed to establish that the injured plaintiff's conduct was the sole proximate cause of his accident. Santucci, J.P., Chambers, Hall and Roman, JJ., concur.