■ JOSE J. SOTOMAYER, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Defendants. [938 NYS2d 640]—

The plaintiff, a materials coordinator employed by a corporate affiliate of the defendant Bombardier Transit Corporation (hereinafter BTC), was allegedly injured when he tripped over a water hose while working at a facility used to perform maintenance and repair work on passenger rail cars owned by the defendants Metropolitan Transportation Authority and Long Island Rail Road Company (hereinafter together MTA/LIRR). The defendant Hudson Machine Works, Inc. (hereinafter Hudson), was a subcontractor working at the facility.

The Supreme Court properly granted those branches of the motion of BTC and cross motions of the MTA/LIRR and Hudson which were to dismiss the causes of action alleging violations of Labor Law § 241 (6) insofar as asserted against them. MTA/LIRR, BTC, and Hudson established their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff, who, as a materials coordinator was engaged in the requisitioning and gathering of parts used by others in the course of performing maintenance and modification of exist-

ing railroad cars, was not engaged in construction, excavation, or demolition work (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Oser v Truck King Intl.*, 60 AD3d 832 [2009]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734 [2008]; *Deoki v Abner Props. Co.*, 48 AD3d 510 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court erred in granting those branches of Hudson's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lane v Fratello Constr. Co.*, 52 AD3d 575, 576 [2008]). Where a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a contractor may be liable in common-law negligence and under Labor Law § 200 only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it (*see Martinez v City of New York*, 73 AD3d 993, 998 [2010]; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Here, contrary to the Supreme Court's determination, Hudson failed to establish, prima facie, that it did not have control over the work site or that it did not create or have actual or constructive notice of the alleged dangerous condition (*see Harsch v City of New York*, 78 AD3d 781, 783 [2010]; *Van Salisbury v Elliott-Lewis*, 55 AD3d at 726). Accordingly, those branches of Hudson's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as against it should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In view of our determination, we need not address the plaintiff's remaining contention. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.