■ Nana Osei Kuffour, Respondent-Appellant, v Whitestone Construction Corp., Appellant-Respondent. [941 NYS2d 653]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered March 4, 2011, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for leave to serve two supplemental bills of particulars relating to his causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6), and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6), and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for leave to serve two supplemental bills of particulars relating to his causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6), and substituting therefor a provision denying, as academic, that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

At around midnight following the evening of October 19, 2007, the plaintiff, a security guard at P.S. 111 in Manhattan, was rendered unconscious when he was struck on the right side of his head by an object as he attempted to enter his security booth. The security booth was located in a secured storage area of the school's playground. The defendant, the general contractor for a construction project at the school, used the storage area to store, inter alia, a 6 to 6½-foot-high stack of bricks. When the plaintiff regained consciousness, he observed broken bricks on the ground in the location where he had been struck which had not been there prior to the accident. While no construction work was performed at the school on October 19, 2007, due to inclement weather conditions, there were several workers on the site on October 18, 2007.

The plaintiff commenced this action asserting violations of Labor Law §§ 200, 240 (1) and § 241 (6), as well as common-law negligence. The defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved, inter alia, for leave to serve two supplemental bills of particulars relating to the causes of action asserted pursuant to the Labor Law. The Supreme Court denied the defendant's motion and granted the aforementioned branch of the cross motion. The defendant appeals, and we modify.

The Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's Labor Law causes of action, as the defendant demonstrated, prima facie, that the plaintiff was not a person entitled to the protections of these statutes (*see Sowa v S.J.N.H. Realty Corp.*, 21 AD3d 893, 895 [2005]; *Spaulding v S.H.S. Bay Ridge*, 305 AD2d 400 [2003]; *Tobias v DiFazio Elec.*, 288 AD2d 209 [2001]; *see also Blandon v Advance Contr. Co.*, 264 AD2d 550 [1999]; *Shields v St. Marks Hous. Assoc.*, 230 AD2d 903 [1996]), and in opposition, the plaintiff failed to raise a triable issue of fact as to whether he was entitled to the protection of those statutes.

As a consequence, that branch of the plaintiff's cross motion which was for leave to serve two supplemental bills of particulars relating to his causes of action alleging violations of Labor Law §§ 200, 240 and § 241 (6) should have been denied as academic.

However, with regard to the common-law negligence cause of action alleging that the defendant failed to maintain the premises in a safe condition, the defendant failed to establish its prima facie entitlement to judgment as a matter of law. Where, as here, a plaintiff's injuries allegedly stem from a dangerous condition on the premises, a general contractor may be liable in

common-law negligence if it has control over the work site and either created or had actual or constructive notice of the dangerous condition (*see Van Salisbury v Elliott-Lewis*, 55 AD3d 725 [2008]; *Azad v 270 5th Realty Corp.*, 46 AD3d 728 [2007]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]). The defendant's own witness testified at his deposition that the bricks found on the ground at the accident site were of the type used by the defendant and the defendant's subcontractors, whose work the defendant oversaw, and conceded that the stack of bricks was sometimes left unsecured with respect to the storage area where the plaintiff's security booth was located. Thus, the defendant failed to establish as a matter of law that it did not create the dangerous condition which allegedly caused the plaintiff's injuries or lack actual or constructive notice of it. Nor did the defendant make a prima facie showing establishing that the alleged cause of the plaintiff's accident was based on speculation (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Seelinger v Town of Middletown*, 79 AD3d 1227, 1229-1230 [2010]). Consequently, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action, regardless of the sufficiency of the plaintiff's opposition papers on these issues (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]). Dillon, J.P., Florio, Chambers and Miller, JJ., concur.