*823 In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated May 13, 2011, as denied its motion for summary judgment on its third-party causes of action for contractual and common-law indemnification, and granted those branches of the cross motion of the third-party defendant which were for summary judgment dismissing the third-party causes of action for contractual and common-law indemnification.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a principal of the third-party defendant EE Marble & Tile Corp., doing business as P&P Marble & Tile Corp. (hereinafter P&P), allegedly was injured when he slipped on ice and fell on a driveway at a construction site. P&P was a subcontractor hired by the defendant/third-party plaintiff, TMA Construction, Inc. (hereinafter TMA), the general contractor, to perform tile work in the interior of a building under construction. The contract between TMA and P&P required P&P to indemnify TMA “from and against all claims, damages, losses and expenses . . . arising out of or resulting from performance of [P&P’s] Work under this [contract] . . . but only to the extent caused by the negligent acts or omissions of [P&P].” TMA moved for summary judgment on its third-party causes of action for contractual and common-law indemnification, and P&P cross-moved, inter alia, for summary judgment dismissing the third-party causes of action for contractual and common-law indemnification.
“[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor” (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662 [2009]; see General Obligations Law § 5-322.1; Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1047-1048 [2012]; Rodriguez v Tribeca 105, LLC, 93 AD3d 655 [2012]; Baillargeon v Kings County Waterproofing Corp., 91 AD3d 686, 688 [2012]). “ ‘Where, as . . . here, a plaintiffs injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition’ ” (Hir *824 sch v Blake Hous., LLC, 65 AD3d 570, 571 [2009], quoting Keating v Nanuet Bd. of Educ., 40 AD3d 706, 708-709 [2007]).
TMA failed to establish, prima facie, that it lacked control over the work site or notice of the allegedly dangerous condition, thus precluding a finding, as a matter of law, that it was not negligent (see Hirsch v Blake Hous., LLC, 65 AD3d at 571; Keating v Nanuet Bd. of Educ., 40 AD3d at 708). While the Supreme Court had the discretion to consider the new argument made in TMA’s reply that it was free from negligence where, as here, the opposing party had the opportunity to respond to the newly presented claim (see e.g. Hoffman v Kessler, 28 AD3d 718, 719 [2006]; Basile v Grand Union Co., 196 AD2d 836, 837 [1993]; Fiore v Oakwood Plaza Shopping Ctr., 164 AD2d 737, 739 [1991]), the bald, conclusory affirmation of TMA’s attorney, submitted in reply, was not based on personal knowledge, and thus, was insufficient to make a prima facie showing of entitlement to judgment as a matter of law (see Carthans v Grenadier Realty Corp., 38 AD3d 489 [2007]).
Moreover, on its cross motion for summary judgment dismissing TMA’s third-party cause of action for contractual indemnification, P&P demonstrated its prima face entitlement to judgment as a matter of law by establishing that the plaintiffs accident was not “caused by the negligent acts or omissions of [P&P],” such that the indemnification clause was not triggered (see Perales v First Columbia 1200 NSR, LLC, 88 AD3d 1213, 1214 [2011]; Kogan v North St. Community, LLC, 81 AD3d 429, 430 [2011]; see generally Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]). In opposition, TMA did not raise a triable issue of fact.
Accordingly, that branch of TMA’s motion which was for summary judgment on its third-party cause of action for contractual indemnification was properly denied, and that branch of P&P’s cross motion which was for summary judgment dismissing that cause of action was properly granted.
To establish a claim for common-law indemnification, the party seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability, but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the cause of the accident (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1999]). Since TMA failed to establish, prima facie, its own freedom from any negligence beyond the statutory liability, that branch of its motion which was for summary judgment on its third-party cause of action for common-law indemnification was properly denied (see Amit v Hineni Heritage Ctr., 49 AD3d 574 *825 [2008]; Correia v Professional Data Mgt., 259 AD2d at 65). Moreover, P&P, which submitted evidence showing, among other things, that it had no duty to remove snow at the premises, established its prima facie entitlement to judgment as a matter of law dismissing TMA’s third-party cause of action for common-law indemnification (see Guerra v St. Catherine of Sienna, 79 AD3d 808, 809 [2010]; Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507 [2008]). In opposition, TMA did not raise a triable issue of fact. Accordingly, that branch of P&P’s cross motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification was properly granted.
Eng, PJ., Dickerson, Hall and Lott, JJ., concur.