Samperi v City Safety Compliance Corp. (2024 NY Slip Op 01325)

Samperi v City Safety Compliance Corp.

2024 NY Slip Op 01325

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-06809
 (Index No. 513163/17)

[*1]Salvatore Samperi, plaintiff-respondent, 
v
City Safety Compliance Corp., et al., defendants, Northeast Interior Specialists, LLC, appellant, Site 5 DSA Owner, LLC, et al., defendants-respondents (and a third-party action).

Golden, Rothschild, Spagnola, Lundell, Boylan, Garub, Bell, P.C., New York, NY (Eric S. Schlesinger and Lauren M. Solari of counsel), for appellant.
Dansker & Aspromonte, New York, NY (Raymond Maceira of counsel), for plaintiff-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for defendant-respondent Site 5 DSA Owner, LLC.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant Northeast Interior Specialists, LLC, appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 11, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff and the defendant Site 5 DSA Owner, LLC.
In November 2016, the plaintiff allegedly was injured while working on a construction site at premises owned by the defendant Site 5 DSA Owner, LLC (hereinafter Site 5), when an outward swinging access gate in the perimeter fencing swung open and hit him, causing him to fall. Site 5 hired the defendant Northeast Interior Specialists, LLC (hereinafter Northeast), inter alia, to install perimeter fencing and access gates at the construction site. At the time of the accident, Essex Crossing Builders, LLC (hereinafter Essex Crossing), the general contractor on the construction project, employed the plaintiff as a superintendent. Thereafter, the plaintiff commenced separate actions, which were subsequently consolidated, to recover damages for personal injuries against, among others, Site 5, Northeast, and the defendants City Safety Compliance Corp., and BFC Partners, L.P., asserting causes of action alleging violations of Labor Law §§ 200 and 241(6) and common-law negligence.
Northeast moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated August 11, 2021, the Supreme Court, inter [*2]alia, granted that branch of Northeast's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. However, the court denied those branches of Northeast's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross-claims insofar as asserted against it. Northeast appeals.
Labor Law § 200 codified the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Lopes v Interstate Concrete, 293 AD2d 579, 580). Two broad categories of actions implicate the provisions of Labor Law § 200: (1) where a worker's injuries arise as a result of dangerous or defective premises conditions at a work site, and (2) where injuries arise from the method and manner in which the work is performed (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 616; Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841). "[A]n award of summary judgment in favor of a subcontractor on a negligence or Labor Law § 200 cause of action is improper where the evidence raise[s] a triable issue of fact as to whether [the subcontractor] created an unreasonable risk of harm that was the proximate cause of the [ ] plaintiff's injuries" (Zong Wang Yang v City of New York, 207 AD3d 791, 795 [internal quotation marks omitted]; see Poracki v St. Mary's R. C. Church, 82 AD3d 1192, 1195).
Here, Northeast failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it. To the extent that the plaintiff's claims are based on the means and methods in which the work was performed, Northeast established, prima facie, that it did not have the authority to supervise or control the means and method of the plaintiff's work (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts., 41 AD3d 796, 798). However, Northeast failed to demonstrate, prima facie, that it did not create the alleged dangerous condition by installing an outward swinging gate in the perimeter fencing that injured the plaintiff (see Zong Wang Yang v City of New York, 207 AD3d at 795). Northeast's conclusory assertion that another contractor could have installed the swinging gate after Northeast left the construction site was insufficient to meet its burden on its motion for summary judgment (see S.J. Capelin Assoc., LLC v Globe Mfg. Corp., 34 NY2d 338, 342; Hewett v Marine Midland Bank of Southeastern N.Y., 86 AD2d 263, 268). Accordingly, the Supreme Court properly denied those branches of Northeast's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 753-754).
Since Northeast failed to establish, prima facie, that it was free from fault in the happening of the accident, it was not entitled to summary judgment dismissing all cross-claims insofar as asserted against it (see Astarita v Flintlock Const. Services, LLC, 69 AD3d 888, 889; Hirsch v Blake Hous., LLC, 65 AD3d 570, 571).
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court