■ THOMAS DALVANO, Respondent, v RACANELLI CONSTRUCTION COMPANY, INC., Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. TORINO INDUSTRIAL, INC., Third-Party Defendant-Respondent. [926 NYS2d 658]—

While working on a construction project at Long Island Lu-

theran Middle and High School in Nassau County, the plaintiff, an ironworker, allegedly was injured when he fell while descending a ladder which was missing a rung. The defendant/third-party plaintiff, Racanelli Construction Company, Inc. (hereinafter Racanelli), was the general contractor on the project. Neither the plaintiff nor employees of Racanelli knew who owned the subject ladder.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the causes of action to recover damages for violations of Labor Law § 200 and common-law negligence, since a triable issue of fact exists as to whether the defendants had control over the work site and either created or had actual or constructive notice of the dangerous or defective condition (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47 [2011]; *Schultz v Hi-Tech Constr. & Mgt. Servs., Inc.*, 69 AD3d 701, 702 [2010]; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Chowdhury v Rodriguez*, 57 AD3d 121, 123 [2008]; *Van Salisbury v Elliott-Lewis*, 55 AD3d 725, 726 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Further, the Supreme Court properly denied Racanelli's cross motion for summary judgment on its third-party cause of action for contractual indemnification (*see McAllister v Construction Consultants L.I., Inc.*, 83 AD3d 1013 [2011]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 929 [2009]; *Callan v Structure Tone, Inc.*, 52 AD3d 334, 335-336 [2008]). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30629(U).]**