■ ROBERT EVERSFIELD, Appellant, v BRUSH HOLLOW REALTY, LLC, et al., Respondents. [937 NYS2d 287]—

The plaintiff was injured when he fell as a result of the alleged improper placement of a portable restroom located at the site of a construction project. According to the plaintiff, as he turned to exit the restroom, the restroom tilted, and he fell out of it. The plaintiff subsequently commenced this action against Brush Hollow Realty, LLC, Cauldwell-Wingate Company, Inc., Cauldwell-Wingate Company, LLC, Ralleye Motors, LLC, and Rallye Motors Inc. (hereinafter collectively the Brush Hollow defendants), the owners, general contractors, and managers of the construction site, and Mr. John Portable Sanitation Units, Inc., Mr. John, Inc., and Russell Reid Waste Hauling and Disposal Service Co., Inc. (hereinafter collectively the Mr. John defendants), which supplied portable restrooms to the construction site.

The Supreme Court should have denied that branch of the motion of the Brush Hollow defendants which was for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted them. "Where, as here, the injured plaintiff's accident arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability for a violation of Labor Law § 200 and common-law negligence will be imposed if the property owner created the condition or had actual or constructive notice of it, and failed to remedy the condition within a reasonable amount of time" (*White v Village of Port Chester*, 84 AD3d 946, 947-948 [2011]; *see Rojas v Schwartz*, 74 AD3d 1046, 1047 [2010]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Similarly, a general contractor may be held liable in common-law negligence and under Labor Law § 200 if it created the dangerous condition or had control over the work site and actual or constructive notice of the dangerous condition (*see Dalvano v Racanelli Constr. Co., Inc.*, 86 AD3d 550, 551 [2011]; *White v Village of Port Chester*, 84 AD3d at 948; *Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 707 [2007]). Here, the Brush Hollow defendants failed to make a prima facie showing that they did not create or have actual or constructive notice of a dangerous condition regarding the placement of the portable restroom. The failure to make a prima facie showing required the denial of that branch of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly granted that branch of the cross motion of the Mr. John defendants which was for summary judgment dismissing the common law negligence and Labor Law § 200 causes of action insofar as asserted them. The Mr. John defendants made a prima facie showing that they did not possess any authority to supervise or control the area in question, and that they were not the entity that placed the portable restroom in an allegedly defective manner (*see Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140 [2011]; *Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Supreme Court properly granted those branches of the motion of the Brush Hollow defendants and the cross motion of the Mr. John defendants which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on section 23-1.7 (e) of the Industrial Code

(12 NYCRR) insofar as asserted against them. The moving defendants made a prima facie showing that 12 NYCRR 23-1.7 (e) is inapplicable because the plaintiff did not allege that he tripped on any dirt, debris, or other obstruction or condition which could cause tripping (*see Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 938 [2010]; *Pope v Safety & Quality Plus, Inc.*, 74 AD3d 1040, 1041 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31734(U).]**