■ Cesar Carrasco, Respondent, v Neil Weissman, Esq., et al., Defendants, and 102 Partners, LLC, et al., Respondents, and NCJ Development, Inc., Appellant. [992 NYS2d 36]—

In an action to recover damages for personal injuries, the defendant NCJ Development, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 22, 2012, which denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, and conditionally granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and substituting therefor a provision granting that branch of the appellant's motion, and (2) by deleting the provision thereof conditionally granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the appellant, and substituting therefor a provision denying that branch of the plaintiff's cross motion; as so modified, the order is affirmed, without costs or disbursements, upon searching the record, the determination conditionally granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., is vacated, and summary judgment is awarded to the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

The plaintiff allegedly was injured while he and a coworker were installing plate glass window panes in a building under

construction. According to the plaintiff's deposition testimony, while he was standing on the ground, and while his coworker was standing on the second step of a ladder, they jointly lifted a glass window pane in order to install it in a storefront window frame. At that moment, the plaintiff tripped or stepped on a piece of brick and his body shifted slightly, causing the pane to split in half. The pieces of glass struck both the plaintiff and his coworker, injuring them.

The plaintiff commenced this personal injury action against the defendant NCJ Development, Inc. (hereinafter NCJ), the alleged general contractor, and the defendants 102 Partners, LLC, Bellerose Builders, Inc., and Jackson Development Group, Ltd., the owners of the subject property (hereinafter collectively the owners). NCJ moved for summary judgment dismissing the amended complaint and all cross claims asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability against NCJ and the owners on his cause of action alleging a violation of Labor Law § 240 (1).

In support of its motion, NCJ contended that the doctrine of collateral estoppel barred the plaintiff from asserting causes of action against it, relying on an order of the Supreme Court granting its motion for summary judgment dismissing the complaint asserted against it by the plaintiff's coworker. The Supreme Court properly rejected NCJ's contention.

The doctrine of collateral estoppel " 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *M.V.B. Collision, Inc. v Rovt*, 101 AD3d 830, 831 [2012]). The doctrine applies only if, inter alia, " 'the plaintiff had a full and fair opportunity to litigate the issue in the earlier action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128 [2007], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349). Although the action commenced by the plaintiff and that commenced by his coworker were joined for trial, the plaintiff was not a party to his coworker's action and, thus, he did not have an opportunity to oppose NCJ's motion in that action. Accordingly, the plaintiff did not have a full and fair opportunity to litigate the issue of NCJ's liability in the coworker's action and, thus, the doctrine of collateral estoppel is inapplicable.

The Supreme Court properly denied that branch of NCJ's motion which was for summary judgment dismissing the cause

of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. In support of that branch of its motion, NCJ argued that it could not be held liable under that statute because it was neither the general contractor nor the statutory agent of the owner. However, NCJ's own submissions raised triable issues of fact as to whether it was the general contractor on the project or had the ability to control the activity which brought about the injury (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]; *Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611 [2011]; *Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

The Supreme Court also properly denied that branch of NCJ's motion which was for summary judgment dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, since, in this action founded upon an alleged dangerous condition at the work site, NCJ failed to eliminate all triable issues of fact as to whether it had control over the work site and whether it created or had actual or constructive notice of the alleged dangerous condition (*see Eversfield v Brush Hollow Realty, LLC*, 91 AD3d 814, 816 [2012]; *Dalvano v Racanelli Constr. Co., Inc.*, 86 AD3d 550, 551 [2011]).

However, NCJ demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it. In this regard, NCJ's evidence established the absence of a causal nexus between the plaintiff's injury and a lack or failure of a device prescribed by section 240 (1) (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 9 [2011]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677 [2012]; *see generally Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603-604 [2009]). The report of the plaintiff's expert failed to raise a triable issue of fact in opposition, since the expert's opinion was conclusory and unsubstantiated (*see Rodriguez v D & S Bldrs., LLC*, 98 AD3d 957, 958-959 [2012]; *Laskowski v 525 Park Ave. Condominium*, 93 AD3d 822, 825 [2012]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822, 823 [2008]). The expert did not opine as to the necessity of any particular safety device to perform the specific task the plaintiff was performing at the time of the accident, and, in fact, incorrectly stated that the plaintiff was injured when he was required to lift a heavy object over his head while climbing a ladder.

Therefore, the Supreme Court should have granted that branch of NCJ's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as

asserted against it. For the same reason, the plaintiff failed to make a prima facie showing in support of that branch of his cross motion which was for summary judgment on the issue of liability on this cause of action insofar as asserted against NCJ, and, therefore, the Supreme Court should have denied that branch of the plaintiff's cross motion. Further, under the circumstances presented here, we exercise our authority to search the record and both deny that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against the owners, and award summary judgment to the owners dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Parker v 205-209 E. 57th St. Assoc., LLC*, 100 AD3d 607, 608-609 [2012]; *Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476, 479-480 [2012]).

NCJ's remaining contentions are without merit. Skelos, J.P., Chambers, Hall and Miller, JJ., concur.