■ Braulio Pacheco et al., Appellants, v Lawrence Smith, Respondent. [9 NYS3d 377]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 7, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Braulio Pacheco (hereinafter the injured plaintiff) allegedly sustained injuries when he fell from an extension ladder while installing a small roof at the defendant's single-family home. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action, alleging common-law negligence and a violation of Labor Law § 200. The plaintiffs alleged, among other things, that the ladder was situated on an unsecured plastic tarp that was placed in the area by the defendant, thereby creating a dangerous condition. After discovery was completed, the defendant moved for summary judgment dismissing the complaint, arguing, among other things, that he did not supervise, direct, or control the work, and that he did not create or have actual or constructive notice of a dangerous condition. The Supreme Court granted the defendant's motion. We reverse.

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to supervise or control the methods or materials of the injured plaintiff's work (see Rojas v Schwartz, 74 AD3d 1046, 1046 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 127-128 [2008]). Where a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it " 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition' " (Rojas v Schwartz, 74 AD3d at 1047,

quoting *Ortega v Puccia,* 57 AD3d 54, 61 [2008]). Where a plaintiff's injures are alleged to have been caused by defects in both the premises and the equipment used at the work site, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both of the foregoing liability standards (*see Reyes v Arco Wentworth Mgt. Corp.,* 83 AD3d 47, 52 [2011]). A defendant moving for summary judgment in such a case may prevail "only when the evidence exonerates it as a matter of law for all potential concurrent causes of the plaintiff's accident and injury, and when no triable issue of fact is raised in opposition as to either relevant liability standard" (*id.* at 52).

Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law. In support of his motion, the defendant submitted a copy of the injured plaintiff's deposition testimony, wherein the injured plaintiff testified that the defendant had placed an unsecured plastic tarp on the deck where the injured plaintiff was performing his work. Thus, the defendant failed to eliminate triable issues of fact as to whether he created or had actual or constructive notice of the alleged dangerous condition (*see Reilly-Geiger v Dougherty,* 85 AD3d 1000, 1001 [2011]; *see also Carrasco v Weissman,* 120 AD3d 531, 533 [2014]; *Eversfield v Brush Hollow Realty, LLC,* 91 AD3d 814, 816 [2012]). The failure to make a prima facie showing required the denial of the defendant's motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.