Elam v Ryder Sys., Inc. (2019 NY Slip Op 07051)





Elam v Ryder Sys., Inc.


2019 NY Slip Op 07051


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-10565
 (Index No. 16269/14)

[*1]Rodney H. Elam, respondent, 
v
Ryder Systems, Inc., defendant, Penske Corporation, et al., appellants.


Sobel Pevzner, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Sharon L. Silver, Islandia, NY (Duffy & Duffy, PLLC [Clifford Argintar], of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Penske Corporation, Penske Truck Rental, and Penske Truck Leasing appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated July 26, 2018. The order, insofar as appealed from, denied the branches of the motion of those defendants which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them and granted the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging common-law negligence insofar as asserted against those defendants.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendants Penske Corporation, Penske Truck Rental, and Penske Truck Leasing which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against them are granted, and the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging common-law negligence insofar as asserted against those defendants is denied.
On September 16, 2011, the plaintiff, an employee of Liberty Moving and Storage (hereinafter Liberty), was delivering voting machines to a Board of Elections facility in Yaphank. The plaintiff allegedly was standing on the lift gate of a truck when the lift gate suddenly dropped, causing him to fall. At the time of the accident, Liberty rented trucks from both Ryder Systems, Inc. (hereinafter Ryder), and Penske Corporation to perform its work.
In 2013, the plaintiff commenced an action against Ryder, alleging that Ryder was the owner of the subject truck. Subsequently, the plaintiff commenced a separate action against Penske Corporation, Penske Truck Rental, and Penske Truck Leasing (hereinafter collectively Penske), alleging that Penske was the owner of the truck and was liable for the plaintiff's injuries. The two actions were later consolidated. Penske moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging common-law negligence insofar as asserted against Penske. In an order dated July 26, 2018, the Supreme Court denied Penske's motion and granted [*2]the plaintiff's cross motion. Penske appeals from stated portions of the order.
The Supreme Court should have granted those branches of Penske's motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it. The plaintiff has abandoned these causes of action by failing to address them in opposition to Penske's motion and in his brief on appeal (see Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 835; Palomeque v Capital Improvement Servs., LLC, 145 AD3d 912, 914; Harsch v City of New York, 78 AD3d 781, 783).
The Supreme Court also should have denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging common-law negligence insofar as asserted against Penske. The plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law on the issue of whether Penske owned the subject truck, and if so, whether it created or had actual or constructive notice of a dangerous or defective condition with respect to the truck (see Zamor v Dirtbusters Laundromat, Inc., 138 AD3d 1114, 1115; Perez v City of New York, 116 AD3d 1019, 1021; Dalvano v Racanelli Constr. Co., Inc., 86 AD3d 550, 551; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750). Since the plaintiff failed to meet his prima facie burden, it is unnecessary to consider the sufficiency of the evidence submitted by Penske in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court