**Sobral v Townhouse Bldrs. Inc.**

2024 NY Slip Op 31371(U)

April 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 507605/2021

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part LL1 M

<table>
<tr><td></td><td>Index Number   507605/2021</td></tr>
</table>

Index Number   **507605/2021**
Seqs. 003, 004

DORNELLYS CORREA SOBRAL,

                   Plaintiffs,

      against

TOWNHOUSE BUILDERS INC., individually and doing
business as PROMONT, TOWNHOUSE BUILDERS INC., and
BUDDIES BRO LLC,

               Defendant.

# DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the paper
considered in the review of this Motion

**Papers Numbered**

| | |
|---|---|
| Notice of Motion and Affidavits Annexed . . . . | 1–2 |
| Order to Show Cause and Affidavits Annexed. | ____ |
| Answering Affidavits . . . . . . . . . . . . . . . . . . . | 3–4 |
| Replying Affidavits . . . . . . . . . . . . . . . . . . . . . | 5 |
| Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ____ |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ____ |

Upon the foregoing papers, plaintiff's motion for partial summary judgment (Seq. 003) and defendants' cross-motion for summary judgment (Seq. 004) are decided as follows:

**Factual Background**

Plaintiff commenced this action to recover for damages he claims to have sustained on June 29, 2020 while in the course of his employment for non-party Magellan Concrete Structures. Plaintiff contends that he was struck by an unsecured or improperly secured steel beam involved in the installation of a Titan Framework HV (Titan) system on what was at the time still a dirt floor (Sobral second EBT at 13, 22, 47).

Joshua Jacobson, an employee of Townhouse Builders Inc. (Townhouse) and site-safety manager at the worksite, authenticated a contract identifying Buddies Bro, LLC (Buddies) as the owner of the premises and Townhouse as the general contractor. Townhouse sub-contracted with Magellan, which was the concrete super-structure sub-contractor. The project involved the construction of a ground-up eight-story residential building.

[* 1]

The following facts are undisputed: Plaintiff was manually supporting a shoring post and his co-worker, Jose, was holding another post approximately five feet away. Another of plaintiff's co-workers, Pablo, was placing a beam across the shoring posts. Pablo climbed down the ladder he was standing on to retrieve the materials to affix the beam in place. At that point, the beam fell from the shoring posts and struck plaintiff.

It is undisputed that Titan's manual recommends the use of "tripods" to hold the shoring posts (or "first place poles") in place during the installing of the horizontal cross-beams. Plaintiff testified that he asked his foreman, Alison, if there were tripods available and Alison responded that they were to be delivered but Alison did not know when (Sobral first EBT at 109). Plaintiff's contention that there were no tripods available at the site when he was instructed to perform his task is unrebutted.

Analysis

On a motion for summary judgment, the moving party bears the initial burden of making a prima facie showing that there are no triable issues of material fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). Once a prima facie showing has been established, the burden shifts to the non-moving party to rebut the movant's showing such that a trial of the action is required (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

**Labor Law § 240 (1)**

With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related to "a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267–68 [2001], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991] [alteration in original]). In that regard, "a plaintiff must show that, at the time the object fell, it was being

2

[* 2]

hoisted or secured, or that the falling object required securing for the purposes of the undertaking" (*Banscher v Actus Lend Lease, LLC*, 103 AD3d 823, 824 [2d Dept 2013]). It is not necessary that the object that fell was actually in the process of being hoisted rather than stationary prior to falling (*Escobar v Safi*, 150 AD3d 1081, 1083 [2d Dept 2017], citing *Outar v City of New York*, 286 AD2d 671 [2d Dept 2001] [affirmed 5 NY 3d 731 (2005)]).

Plaintiff testified that he asked for tripods on the morning of his accident and that there were none available at that time (Sobral first EBT at 109). The beam was either being hoisted into place or in the process of being secured to the shoring posts at the time of plaintiff's accident. Defendants do not offer any rebuttal to plaintiff's testimony. In light of plaintiff's unrebutted testimony that he was struck by a falling object due to a failure to secure that object, and a failure to even secure the post that it was resting on with a tripod, plaintiff is entitled to summary judgment on his claim under Labor Law § 240 (1).

**Labor Law § 241 (6)**

To prevail on a cause of action pursuant to Labor Law § 241 (6), plaintiff must show that he was (1) on a job site, (2) engaged in qualifying work, and (3) suffered an injury (4) the proximate cause of which was a violation of an Industrial Code provision (*Moscati v Consolidated Edison Co. of N.Y., Inc.*, 168 AD3d 717, 718 [2d Dept 2019]). Plaintiff does not oppose dismissal of all alleged violations of the Industrial Code except:

> §23-2.2 (a) ("Forms, shores and reshores shall be structurally safe and shall be properly braced or tied together so as to maintain position and shape"); and
>
> 2.2 (c) (1. … "Shores and reshores shall be properly seated top and bottom and shall be secured in place").

Plaintiff seeks summary judgment on his Labor Law § 241 (6) claim as predicated on these two code provisions. It is unrebutted that the shores were being manually supported by workers and

3

[* 3]

were neither seated nor properly braced. Defendant's own expert, Michael Cronin P.E., acknowledges that the Titan literature recommends installation using a tripod (Cronin aff. at ¶ 10). Mr. Cronin's subsequently offered *legal* opinions about the applicability of the Labor Law to the facts of this case are unavailing.

In opposition, defendants argue that the shores and structure were in the process of being constructed, and therefore could not have been secured at the time of plaintiff's accident. However, this contention is undermined by plaintiff's testimony, and defendants' acquiescence, to the existence of a tripod that was designed to stabilize the shores during the installation of the beams. Failure to provide these tripods, and by extension to secure the shores, constitutes a violation of the Industrial Code. Plaintiff's motion is therefore granted as to Labor Law § 241 (6).

**Labor Law § 200**

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2d Dept 2015]). Thus, claims for negligence and for violations of Labor Law § 200 are evaluated using the same negligence analysis (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work. Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200. A defendant has the authority to supervise or control

4

[* 4]

the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*id.* at [internal citations omitted]).

As an initial matter, plaintiff has withdrawn his Labor Law § 200 claim against Buddies. Defendant Townhouse seeks summary judgment on plaintiff's claim; plaintiff did not seek summary judgment on this claim.

Townhouse contends that it did not have the authority to supervise the work of plaintiff's employer and, therefore, is not subject to liability pursuant to Labor Law § 200 (Townhouse affirmation in reply at ¶ 4). Joshua Jacobson was employed by Townhouse as the site safety manager. Mr. Jacobson was responsible for initiating and maintaining a site-safety program at the site (see AIA contract between owner and general contractor). Mr. Jacobson testified that his duties included "overall safety of the project as well as quality control of the project and liaison between our company, the owner, the engineers and the architect" (Jacobson EBT at 13). Mr. Jacobson was on site on a daily basis and was responsible for instituting a site-wide safety program (*id.* at 25). Mr. Jacobson photographed the erection of the shoring system (*id.* at 29, 30). The fact that Mr. Jacobson, a representative of Townhouse, was daily on site, directly observing the work of Townhouse's sub-contractors, and was present to observe the means and methods of the work that led to plaintiff's injury precludes summary judgment for Townhouse on plaintiff's Labor Law § 200 claim. Material questions of fact exist as to, *inter alia*, the extent of Mr. Jacobson's authority to direct the manner of the work or to stop work if he observed a dangerous condition as part of his safety responsibilities. Townhouse's motion is therefore denied as to plaintiff's Labor Law § 200 claim.

[* 5]

**Conclusion**

Plaintiff's motion (Seq. 003) is granted; defendant's cross-motion (Seq. 004) is granted to the extent that plaintiff's Labor Law § 200 claim against Buddies is dismissed, and the remainder of the motion is denied.

This constitutes the decision and order of the court.


_____April 15, 2024_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

6