## Leopoldino v 206 Kent Inv. LLC

2024 NY Slip Op 32579(U)

July 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 510804/2019

Judge: Kerry J. Ward

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

*This Decision hereby supersedes this Court's Decision dated June 7th, 2024, and entered June 13th, 2024. This Decision clarifies the Court's findings as to Labor Law §241(6), and addresses a clerical oversight in the Decree.*

**Supreme Court of the State of New York**
**County of Kings**

Part __9__

FERNANDO LEOPOLDINO,

Plaintiff,

against

206 KENT INVESTOR LLC, CORNELL REALTY MANAGEMENT LLC, PRESTIGE CONSTRUCTION NY LLC and SEVENTH FLOOR SERVICES, INC.,

Defendants.

206 KENT INVESTOR LLC, CORNELL REALTY MANAGEMENT LLC, PRESTIGE CONSTRUCTION NY LLC and SEVENTH FLOOR SERVICES, INC.,

Third-Party Plaintiffs,

against

MAGELLAN CONCRETE STRUCTURES CORP.,

Third-Party Defendant.

Index Number____ **510804/2019**
Seqs. 005, 006, 007

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion

**Papers Numbered**

Notice of Motion and Affidavits Annexed . . . . 1-3
Order to Show Cause and Affidavits Annexed. ___
Answering Affidavits. . . . . . . . . . . . . . . . . . . 4-7
Replying Affidavits . . . . . . . . . . . . . . . . . . . . 8-10
Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Var.
Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ___

Upon the foregoing papers, plaintiff's motion for partial summary judgment (Mot. Seq. 5), defendants' 206 Kent Investor LLC, Cornell Realty Management LLC, Prestige Construction NY LLC, and Seventh Floor Services, Inc.'s motion for summary judgment to dismiss (Mot. Seq. 7), and third-party defendant Magellan Concrete Structures Corp.'s summary judgement motion to dismiss (Mot. Seq. 6) are decided as follows:

I

## Statement of Facts

Plaintiff Fernando Leopoldino alleges that while employed by third-party defendant Magellan Concrete Structures Corp. (Magellan), he sustained serious injuries as a result of an incident that occurred on November 30th, 2018, while he was working at 200 Kent Avenue, Brooklyn, New York. Defendant 206 Kent Investor LLC (206 Kent) is the owner of the premises located at 200 Kent Avenue, Brooklyn, NY and hired one or more of the other defendants to perform construction work at the premises located at 200 Kent Avenue. 206 Kent retained Seventh Floor Services Inc. (Seventh Floor) as the general contractor; 206 Kent then sub-contracted Magellan for work at the premises (Shragy Hirsch, former project manager, EBT at 41). Plaintiff previously discontinued this matter against defendant Prestige Construction NY LLC.

It is undisputed that while plaintiff was working on scaffolding, he slipped on the wet plywood platform. However, the parties disagree about what happened after plaintiff slipped. Plaintiff contends that his leg fell into a hole in the plank on the scaffolding where he was working, which caused him to fall backwards onto the scaffolding. Defendants contend that he did not fall into this hole, but rather fell back onto the same platform he was standing on and his foot ended up in the hole after he fell. There is also a dispute as to whether plaintiff created the hole as a means of receiving materials from his co-worker, Leuis, beneath him, or if the plank was defective and that the hole was a hazardous opening, in violation of Labor Law.

On a motion for summary judgment, the moving party bears the initial burden of making a *prima facie* showing that there are no triable issues of material fact (*see Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). Once a *prima facie* showing has been established, the burden shifts to the non-moving party to rebut the movant's showing such that a trial of the action is required (*see Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]). Since summary judgment is a drastic remedy, the motion papers are construed most favorably to the party opposing the motion and the relief will not be granted to the moving party if "there is any doubt as to the existence of a triable issue" (*see Rotuba Extruders v. Ceppos*, 46 N.Y.2d 223 [1978]).

2

## Labor Law § 200

Defendants 206 Kent Investor LLC, Cornell Realty Management LLC and Seventh Floor Services, Inc. move for summary judgement to dismiss plaintiff's Labor Law § 200 claim (Mot. Seq. 7)

"Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2d Dept 2015]). Thus, claims for negligence and for violations of Labor Law § 200 are evaluated using the same negligence analysis (*see Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). To prove a violation of Labor Law § 200, a plaintiff must show that the defendant owner and/or contractor exercised supervision or control over the work performed by the contractor's employees, or that it had actual or constructive notice of the unsafe condition causing the accident. (N.Y. Lab. Law § 200 [McKinney]). Additionally, when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work. Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200. "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed." (*Ortega v. Puccia*, 57 A.D.3d 54, 62, 866 N.Y.S.2d 323, 330 [2008]).

Plaintiff Leopoldino claims he received his instructions and supervision from his employer, Magellan, and it was his foreman Raphael who directed his work on the date of the incident. Plaintiff testified that Raphael told him to assemble the scaffold in the elevator shaft after signing the safety meeting sign-in sheet and assigned Leuis to work with him (Leopoldino EBT at 17-18, 86). It appears that no one from the defendants' companies directed or supervised Magellan's work and did not supervise or direct any employee's work. 206 Kent was not responsible for supplying Magellan's workers with equipment, tools, or personal protective equipment that they utilized on site, nor did 206 Kent have any site safety responsibilities. (206 Kent EBT at 22 and 26-27). Thus, each sub-contract foreman was responsible for their workers

3

using safety equipment. Defendants contend that only Magellan, plaintiff's supervisor, had the authority to direct, control, and supervise the plaintiff's work. Moreover, defendants deny actual or constructive notice of the dangerous condition, citing plaintiff's own testimony that he did not report the condition to anyone and the absence of any evidence about how long the condition had existed. Besides a conclusory sentence in opposition (plaintiff's aff. in opp. at 3), plaintiff does not substantively oppose defendants' motion as to his Labor Law § 200 claims. Therefore, defendants' motion for summary judgement dismissing plaintiff's Labor Law § 200 claim is granted.

## Labor Law § 241-a, § 240(1) and § 241(6)

Plaintiff alleges that defendants violated applicable sections of the New York State Labor Law, including sections 240(1), 241(6) and 241-a, and Part 23 of the Industrial Code, including sections 23-1.5(c)(3), 23-1.7(b)(i), 23-2.5(a) and (b), 23-5.1(e)(1), 23-5.1(f), and 23-5.1(h). The plaintiff moves for partial summary judgment on the issue of liability against defendants 206 Investor LLC and Seventh Floor on his claims arising under Labor Law § 240(1) and § 241(6) (Mot. Seq. 5). Defendants 206 Kent Investor LLC, Cornell Realty Management LLC and Seventh Floor Services, Inc. move for summary judgement to dismiss plaintiff's claims under Labor Law § 241-a, § 240(1) and § 241(6) (Mot. Seq. 7). Third-party defendant Magellan moves for summary judgement to dismiss plaintiff's claims under Labor Law § 240(1) and § 241(6) (Mot. Seq. 6).

### Labor Law § 241-a

Labor Law § 241-a states, "Any men working in or at elevator shaft ways, hatchways and stairwells of buildings in the course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board." Here, the plaintiff did not fall from a height. Labor Law § 241-a is not applicable unless the plaintiff falls more than one story (*Riley v John W. Stickl Constr. Co.*, 242 AD2d 936, 946 [4th Dept 1997]; *Nevins v Essex Owners, Corp.*, 259 AD2d 384, 385 [1st Dept 1999]). Thus,

4

defendants' motion for summary judgment dismissing plaintiff's claim under Labor Law § 241-a (Mot. Seq. 7) is granted.

### *Labor Law § 240(1)*

§ 240(1) of the Labor Law imposes absolute liability on owners, contractors and their agents and requires that they "furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Labor Law § 240(1) was designed to protect workers from elevation/gravity-related risks. (*Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 618 N.E.2d 82 [1993]).

Defendants 206 Kent Investor LLC, Cornell Realty Management LLC and Seventh Floor Services, Inc., as well as third-party defendant Magellan, move for summary judgment to dismiss plaintiff's Labor Law § 240(1) claim because they allege plaintiff was exposed to the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240(1). Defendants contend that because plaintiff fell onto and remained on the very piece of plywood on which he allegedly slipped, he is not entitled to summary judgment on his Labor Law § 240(1) claim. Defendants also contend that, even if plaintiff did step into the hole, he was the sole-proximate cause of his accident. The defenses of sole proximate cause and recalcitrant worker only apply where the plaintiff's conduct alone was the sole proximate cause of the harm suffered (*Blake v Neighborhood Hous. Servs. of N. Y. City*, 1 NY3d 280, 291 [2003]). It is "conceptually impossible for a statutory violation (which serves as a proximate cause for a plaintiff's injury) to occupy the same ground as a plaintiff's sole proximate cause for the injury" (*id.* at 291). Thus, if a violation of Labor Law § 240(1) is partly to blame for plaintiff's injury, the defenses of recalcitrant worker and sole proximate cause are unavailable (*id.*).

Plaintiff contends that after he slipped and fell on the plywood, a portion of his right leg went into the opening, indicating that an elevation differential caused his injuries. Plaintiff further argues that his slip and fall was a result of defendants' failure to remove a defective plank from the job site, the defect in question being the hole in the plywood. While plaintiff claims that

5

the hole in the plywood on the scaffold was a defect, defendants contend that the hole was created by plaintiff and was being used to pass materials up to the level where plaintiff was working. The evidence before the Court, including plaintiff's deposition testimony, is unclear as to whether the hole plaintiff claims he fell into was the same hole that he had been using to receive scaffold materials from his co-worker. There is also a question of fact as to whether plaintiff himself created the hole. Due to these questions of fact, plaintiff's partial motion for summary judgement as to their Labor Law § 240(1) claim is denied (Mot. Seq. 5), and defendants' (Mot. Seq. 7) and third-party defendant's (Mot. Seq. 6) motions for summary judgment to dismiss plaintiff's Labor Law § 240(1) claim are also denied.

### Labor Law § 241(6)

The plaintiff's motion for summary judgment under Labor Law § 241(6) (Mot. Seq. 5) is predicated upon the alleged violation of New York Industrial Code provisions 23-1.5(c)(3), 23-1.7(b)(i), 23-2.5(a) and (b), 23-5.1(e)(1), (f) and (h). Due to the existence of triable issues of fact as to the incident, and as to whether the alleged Industrial Code provisions were violated and whether they are applicable, and in turn, whether there was an actual violation of Labor Law § 241(6), plaintiff's partial motion for summary judgement as to liability under Labor Law § 241(6) (Mot. Seq. 5) must be denied. Defendants' 206 Kent Investor LLC, Cornell Realty Management LLC, and Seventh Floor Services, Inc.'s motion for summary judgment to dismiss plaintiff's § 241(6) claim (Mot. Seq. 7), and third-party defendant Magellan Concrete Structures Corp.'s motion for summary judgment to dismiss plaintiff's § 241(6) claim (Mot. Seq. 6) are granted to the extent.

To prevail on a cause of action pursuant to Labor Law § 241(6), plaintiff must show that he was: 1) on a job site; 2) engaged in qualifying work; 3) suffered an injury; and 4) the proximate cause of which was a violation of an Industrial Code provision (*see Moscati v Consolidated Edison Co. of N.Y., Inc.*, 168 AD3d 717, 718 [2d Dept 2019]).

### § 23-1.5(c)(3)

The plaintiff submits that Industrial Code § 23-1.5(c)(3) is applicable to the case at bar. 12 NYCRR § 23-1.5, entitled "General responsibility of employers" provides the following at § 1.5(c)(3):

6

[* 6]

> "Condition of equipment and safeguards. All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damages."

Plaintiff alleges that the plank located beneath the plywood sheets constituting the scaffolding platform had a hole in it that was not discernible to plaintiff. As required for a violation pursuant to § 23-1.5(c)(3), plaintiff asserts that the defective plank should have been removed from the job site immediately prior to plaintiff's accident. Defendants argue that the only opening present was the one plaintiff himself created in order to receive materials through from his co-worker below him. Questions of fact exist as to whether the plank in plaintiff's work area was defective or damaged, thus, while it may be applicable, the plaintiff has not alleged with certainty that there was a violation of Industrial Code § 23-1.5 (c)(3).

Therefore, summary judgement is denied as to § 23-1.5(c)(3), as there are outstanding material issues of fact.

### § 23-1.7(b)(i)

Industrial Code § 23-1.7(b)(i) addresses protection from "Falling Hazards and Hazardous Openings" and states:

> "[E]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part (rule)."

As previously indicated, there is a question of fact as to whether there was a "hazardous opening" in plaintiff's working area as contemplated by the Industrial Code. Therefore, while § 23-1.7 (b)(i) may be applicable, plaintiff cannot allege with certainty that this section was violated as there exist triable issues of fact.

Therefore, summary judgement is denied as to § 23-1.7(b)(i), as there are outstanding material issues of fact.

### § 23-2.5(a) and (b)

NY Industrial Code sections 23-2.5(a) and (b) address protection of persons in shafts, with (a)(2) specifically addressing protection from falling within the shaft. These provisions are not applicable to the facts herein.

[* 7]

§ 23-2.5(a) specifically states that it is applicable to "persons required to perform work in or at shafts, other than elevator shafts..." As plaintiff was installing a scaffold within an elevator shaft, this provision is not applicable.

§ 23-2.5(b) is specific to "protection of persons in elevator shafts." However, sub-section (b) provides for platforms that are to be in place "during the installation, repair or replacement of any elevator where persons are working in the elevator shafts." It is not applicable to the facts herein, where plaintiff was in the process of installing the very platform and scaffolding as required by this section, and the elevator shaft had not been constructed yet.

As such, both sections § 23-2.5(a) and (b) are not applicable to the facts of this case, and are therefore dismissed.

### § 23-5.1(e)(1) and (f) and (h)

Industrial Code § 23-5.1 (e)(1) and (f) and (h) address the general provisions for all scaffolds.

Subdivision (e)(1) provides requirements for scaffold planking installation and fastening, such as the size and placement of planks on a scaffold. Courts have previously dismissed this cause of action, finding them inapplicable because the plaintiff's accident did not occur "because of any problems with the planks on the scaffold." (*Klimowicz v. Powell Cove Associates*, LLC, 111 A.D.3d 605 [2d Dept. 2013]). In the instant case, it appears that plaintiff's accident did not occur due to the size or placement of the planks. Rather, he alleges that the plank was wet and had a hazardous opening, both of which contributed to his slip and fall. Therefore, this Industrial Code section is not applicable, and therefore, dismissed.

Subdivision (f) addresses scaffold maintenance and repair, stating "every scaffold shall be maintained in good repair and every defect, unsafe condition or noncompliance with this Part (rule) shall be immediately corrected before further use of such scaffold." This section is not applicable as the scaffold on which plaintiff's alleged incident occurred was only in the process of being installed at the time of the incident and did not yet require maintenance or repair. Therefore, this section is dismissed.

8

[* 8]

Subdivision (h) addresses "scaffold erection and removal" stating that, "every scaffold shall be erected and removed under the supervision of a designated person." Plaintiff alleges the violation of this provision, but however, admitted that there was a foreman and other managers on site at the time of the incident (Leopoldino's EBT at 10). 206 Kent had a project manager, Construction Consulting Company of New York LTD, assigned to this construction, and a site supervisor, Seventh Floor's Phil Spritz (206 Kent EBT at 13 and 20). Magellan itself also had numerous supervisors and foremen assigned to the work being performed, including the general foreman, Da Cunha, the sub-foreman in charge on the date of loss, Raphael Candido, and a supervisor, Filippo. Both the general foreman and the supervisor were present at the time of the incident (Magellan's EBT at 15, 19, 23-24). Magellan's Da Cunha specifically inspected the lower level of the decking that had been installed the day prior by Magellan, on top of which the plaintiff and his co-worker, Leuis, were installing the next level on the date of the alleged incident, including all the components of same such as the decking material and OSHA planks (Magellan's EBT at 38). Da Cunha also inspected that same elevator shaft the day after the incident and found no concerns (*id* at 64-65). Thus, this section is inapplicable, as in consideration of the record before the Court, there is no evidence of a violation of Industrial Code § 23-5.1(h). Therefore, this section is dismissed.

As the plaintiff has not demonstrated the violation of a specific section of the Industrial Code and there are outstanding triable issues of fact, and some of the Industrial Code sections are inapplicable to the facts of this case, plaintiff's motion for partial summary judgment as to liability on his Labor Law § 241(6) claim is denied. (Mot. Seq. 5)

The defendants' (Mot. Seq. 7) and third-party defendant's (Mot. Seq. 6) respective motions to dismiss plaintiff's Labor Law § 241(6) claim as predicated upon NY Industrial Code sections 23-2.5(a), 23-2.5(b), 23-5.1(e)(1), 23-5.1(f), and 23-5.1(h) are granted, as they are inapplicable to the facts herein. Defendants' (Mot. Seq. 7) and third-party defendant's (Mot. Seq. 6) respective motions for summary judgement dismissing plaintiff's Labor Law § 241(6) claim as predicated upon sections 23-1.5(c)(3) and 23-1.7(b)(i) are denied, as there are outstanding material issues of fact.

9

[* 9]

## Contractual Indemnification

The right to contractual indemnification is established by the "specific language of the contract" (*Dos Santos v Power Auth. of State of New York*, 85 AD3d 718, 722 [2d Dept 2011]; quoting *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2d Dept 2009]). "In addition, a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Anderson v United Parcel Serv., Inc.*, 194 AD3d 675, 678 [2d Dept 2021]).

With respect to the contractual indemnity claims and Magellan's breach of contract for their alleged failure to procure insurance, the requirements and obligations of Magellan are set forth in the contract between 206 Kent and Magellan (206 Kent - Magellan Contract at 14-15) at Articles 13 and 14, and the Owner/Contractor rider at pages 80–83 therein.

The contract and agreement rider set forth that all certificates shall contain an endorsement that the policies are primary, non-contributory and shall contain a waiver of subrogation. The terms and conditions of insurance to be provided by the contractor, Magellan, are also defined in the contract. The contract certifies that neither owner, nor any other additional insureds, nor their agents, employees or assigns, shall be liable to contractor or its agents, employees or assigns for any loss or damage covered by the insurance policy. Moreover, Article 14, the "Indemnity" provision on page 15, also sets forth that the contractor has an obligation to defend, indemnify and hold harmless the owner and its agents against any and all losses, liabilities, claims and causes of actions "arising out of" Magellan's work, unless the owner is negligent in part for the action in question.

The indemnity/hold harmless provisions in the Contract between defendants and Magellan are clear and unambiguous and apply to any claim arising out of the work that Magellan was contracted to perform. Plaintiff's accident arose out of and happened during the performance of his work that his employer was contracted to perform and triggered the indemnity obligation. Therefore, defendants' motion for summary judgment with regard to its contractual indemnification claim (Mot. Seq. 7) is granted.

10

[* 10]

## Breach of Contract

Third-party defendant Magellan moves for summary judgment to dismiss the claim asserted against it by third-party plaintiffs 206 Kent Investor LLC, Cornell Realty Management LLC, and Seventh Floor Services Inc. for breach of contract as a result of failure to procure insurance (Mot. Seq. 6). Magellan was hired by 206 Kent. The agreement between 206 Kent and Magellan stated that Magellan was required to maintain commercial general liability coverage, including contractual liability, with minimum limits of $2 million for each occurrence and $4 million in the aggregate, and $1 million umbrella/access liability or commercial general liability coverage including contractual liability with minimum limits of $1 million each occurrence and $2 million in the aggregate and umbrella excess liability of $3 million. Magellan submitted proof of a certificate of insurance and the insurance policy they obtained, which appears to be in compliance with their contractual obligations. Magellan procured all the required insurance policies pursuant to said contract, thus, third-party plaintiffs' claim for Magellan's breach of contract for failure to procure insurance (Mot. Seq. 7) is denied, and third-party defendant Magellan's motion to dismiss (Mot. Seq. 6) is granted.

## Conclusion

Plaintiff's motion for partial summary judgement pursuant to Labor Law § 240(1) and § 241(6) are both denied (Mot. Seq. 5).

The branch of third-party defendant Magellan's summary judgement motion to dismiss plaintiff's Labor Law § 240(1) claim is denied. The branch of third-party defendant's motion for summary judgement seeking to dismiss plaintiff's Labor Law § 241(6) claim is granted to the extent that said claim is predicated upon Industrial Code sections 23-2.5(a), 23-2.5(b), 23-5.1(e)(1), 23-5.1(f), and 23-5.1(h), and denied as based upon Industrial Code sections 23-1.5(c)(3) and 23-1.7(b)(i). The motion to dismiss third-party plaintiffs' 206 Kent Investor LLC, Cornell Realty Management LLC, and Seventh Floor Services Inc.'s breach of contract claim against them is granted as decided herein (Mot. Seq. 6).

Defendants' 206 Kent Investor LLC, Cornell Realty Management LLC, and Seventh Floor Services Inc.'s motion for summary judgment dismissing plaintiff's claims is granted as to

11

[* 11]

Labor Law § 200 and § 241-a, and the branch of defendants' motion for summary judgement seeking to dismiss plaintiff's Labor Law § 241(6) claim is granted to the extent that said claim is predicated upon Industrial Code sections 23-2.5(a), 23-2.5(b), 23-5.1(e)(1), 23-5.1(f), and 23-5.1(h), and denied as based upon Industrial Code sections 23-1.5(c)(3) and 23-1.7(b)(i). Defendants' motion is denied as to Labor Law § 240(1), denied as to their claim for breach of contract against third-party defendant Magellan, and granted as to contractual indemnity against third-party defendant Magellan (Mot. Seq. 7).

This constitutes the decision and order of the Court.

DATED: 7/26/24

ENTER:

_____

HON. KERRY J. WARD
A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.

12